Jack RAKOWSKY, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 59 C 984.

United States District Court
N. D. Illinois, E. D.
Dec. 19, 1961.

Fishman & Fishman, Chicago, Ill., for plaintiff.

James P. O'Brien, U. S. Atty., Chicago, Ill., for defendant.

WILL, District Judge.

This cause is submitted for decision on a stipulation of facts which discloses the following.

On Sunday, April 27, 1958, at about 4:30 p. m. plaintiff's car, while stopped for a red light at Roosevelt Road and Clark Streets, Chicago, Illinois, was struck from behind by a post office truck driven by Waymon Shaw, an employee of the Post Office Department. At the time of the accident Shaw was on an errand at the request of several co-workers to secure coffee and sandwiches at an outside restaurant since the Post Office Canteen was closed on Sundays. He was aware from previous experience that restaurants on Harrison Street were also closed on Sunday so he decided to take truck #1900 to the nearest open restaurant which was in the vicinity of Wabash Avenue and Twelfth Street.

Shaw was employed as a garageman by the Post Office Department during the period September 16, 1957 to May 2, 1958. In this capacity he performed general servicing duties on motor vehicles. On the Sunday in question his duties also involved parking trucks on the first floor of the Central Post Office Garage located at 740 South Canal Street, Chicago, Illinois.

This Court's jurisdiction is founded on 28 U.S.C.A. § 1346(b) which provides in part that Federal District Courts have exclusive jurisdiction of all claims brought against the United States as a result of the negligence of any government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." It is clear, therefore, that in determining the question of liability, this Court is bound to look to the law of Illinois for its resolution. Williams v. United States, 1955, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761.

The Government acknowledges that it owned the truck which struck plaintiff's car and that the truck was driven by one of its employees. It concedes that these facts under Illinois law give rise to a presumption not only that the driver was the agent of the owner, but also that the agent was acting within the scope of his employment. Howard v. Amerson, 1925, 236 Ill.App. 587. This presumption constitutes a *prima facie* case on the questions of agency and control, and shifts the burden of proceeding to the defendant.

The Government contends, however, that the *prima facie* case dissolves with the introduction of evidence to the effect that its employee was hired to work on and park vehicles within the Central Post Office garage, the inference being that he was not authorized to drive outside the garage. The issue here is not that simple.

In the instant case, the Government has not effectively rebutted the presumption that its employee was acting within the scope of his employment while driving the truck in question simply by showing that his principal responsibility was to work on and park postal trucks in the garage. There is no evidence that any regulations or instructions either published, posted or oral were ever given to the employee or issued generally with

respect to such employee's driving postal trucks outside of the garage.

Accordingly, it would appear that even under the narrow "scope of employment" test the defendant would be liable in the absence of a clear showing that the employee's conduct was unauthorized and contrary to express instructions. In this connection, it should be pointed out that even those Illinois decisions which deal with liability in terms of scope of employment recognize a wider latitude of responsibility when a third party is injured by an employee's negligence than when the question involves simply the employer and the employee as in Workmen's Compensation cases. Parotto v. Standard Paving Co., 1952, 345 Ill.App. 486, 494, 104 N.E.2d 102.

There appears, however, to be a second ground for defendant's liability. The United States is to be treated, in the words of the statute, as "if a private person, * * * liable * * * in accordance with the law of the place where the act or omission occurred." The law referred to is the relevant law of Illinois which recognizes that the question of the liability of an owner of property which causes damage to an innocent third person is broader than that fragment of the law listed under the headnote "Scope of employment".

In Ney v. Yellow Cab Company, 1954, 2 Ill.2d 74, 117 N.E.2d 74, 51 A.L.R.2d 624, the Supreme Court of Illinois held the defendant responsible for an injury to an innocent third party caused by one of its taxi cabs while driven by a thief who was enabled to steal the cab in question because of the negligence of the driver who left it unattended on the street without stopping the engine, locking the ignition or removing the key. After pointing out the increasingly important role of automobiles and their potential for injury or damage, the Court concluded that the jury might properly have found that defendant's negligence or lack of due care was a proximate cause of plaintiff's injury and that there was no impelling reason to hold as a matter of law that defendant could not be liable under the circumstances.

Here, defendant's conduct in making available a garage filled with trucks which could easily and conveniently be used and the use of one of which resulted in injury to plaintiff, raises a serious question as to whether defendant's negligence was not in fact the proximate cause of plaintiff's injury quite apart from the question of whether the employee was acting within the scope of his employment in driving the truck outside of the garage.

For all of the foregoing reasons, judgment will be entered for the plaintiff.