409 F.2d 1234
 Carmen Ortiz PACHECO, Individually, as Administratrix of the Estate of Jose G. Pacheco, Deceased, and as Surviving Parent of Harry Pacheco, Anna Maria Pacheco and Carmen M. Pacheco, Infants, Appellants,
v.
UNITED STATES of America.
 No. 17402.
 United States Court of Appeals Third Circuit.
 Argued January 31, 1969.
 Decided April 29, 1969.
 
 Frederick D. Rosenberg, Bailey, Wood & Rosenberg, Charlotte Amalie, St. Thomas, V. I., for appellants.
 Morton Hollander, Chief, Appellate Section, U. S. Dept. of Justice, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., Almeric L. Christian, U. S. Atty., Daniel Joseph, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.
 Before MARIS, FREEDMAN and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 FREEDMAN, Circuit Judge.
 
 
 1
 This action under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671) was brought by plaintiff to recover for the death of her husband in a collision between a truck in which he was a passenger and a truck of the United States Coast Guard. At the conclusion of plaintiff's evidence on liability, the District Court granted defendant's motion for a directed verdict on the stated ground that plaintiff had failed to establish a prima facie case that the driver of the Coast Guard vehicle was acting within the scope of his employment at the time of the accident. From the judgment of dismissal which followed, plaintiff has taken this appeal.
 
 
 2
 The plaintiff's evidence showed that the collision occurred on a highway in St. Croix on July 15, 1965, between 10:00 and 10:30 P.M. The Coast Guard truck bore identifying insignia on both doors, and its driver, Coast Guard Engineman Riley, was wearing the Coast Guard fatigue uniform at the time of the accident.
 
 
 3
 The Act makes the United States liable for the negligence of "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). In the case of a member of the military or naval forces of the United States the requirement that he must have been acting within the scope of his office or employment is defined to mean "acting in line of duty." 28 U.S.C. § 2671.
 
 
 4
 It is unnecessary in this case to consider whether there is any distinction between action within the scope of the employment of a civilian employee of the Government and action in the line of duty of a member of the military or naval forces.[1]
 
 
 5
 The case must be decided according to the law of the Virgin Islands, the place where the accident occurred.[2] Under Virgin Islands law, in the absence of local law to the contrary, we apply the rules of the common law as expressed in the American Law Institute's Restatements, and to the extent not so expressed, as generally understood and applied in the United States.[3]
 
 
 6
 The Restatement of Agency, Second, §§ 228, 233, establishes general rules defining an agent's scope of employment, but they are not relevant to the specific problem before us. What is involved here is the existence and effect of a so-called presumption, a subject which has raised unending controversy among scholars and commentators. Professor McCormick has described it as one of the "slipperiest" in "the family of legal terms"[4] Efforts to clarify the law relating to presumptions are numerous and many of them are profound. The American Law Institute's Model Code of Evidence promulgated in 1942 dealt with the subject,[5] but its proposals have not been adopted in any of the states. The Model Code formed the basis for the Uniform Rules of Evidence drafted in 1953 by the National Conference of Commissioners on Uniform State Laws with the cooperation of the American Law Institute and approved by the American Bar Association. The Uniform Rules have been adopted, with a few changes necessary to conform with local conditions, as Chapter 67 of the Virgin Island Code, Title 5, §§ 771 to 956.[6]
 
 
 7
 Judicial decisions in the United States have made it clear that in general proof of a defendant's ownership of the vehicle and of its operation at the time of the accident by an agent of the owner gives rise to a presumption that the driver was acting at the time within the scope of his employment.[7] Such a presumption is defined by 5 V.I.Code § 811, which is based on Rule 13 of the Uniform Rules of Evidence: "A presumption is an assumption of fact resulting from a rule of law which requires such fact to be assumed from another fact or group of facts found or otherwise established in the action." In the present case the ownership of the truck by the United States and the status of its driver as a member of the Coast Guard were established. What remained to complete plaintiff's prima facie case was evidence that the driver was acting within the scope of his employment, or "in line of duty" at the time of the accident. This evidence is supplied by the presumption, which required its assumption from the proof of the Government's ownership of the vehicle and its operation by a member of the Coast Guard at the time of the accident.[8] Although the briefs refer to items of rebuttal evidence which the Government may have available, these are taken from the opening speeches of counsel and therefore may not be considered in determining the question whether plaintiff made out a prima facie case. The dismissal was entered at the close of the plaintiff's case and whatever evidence the Government might have available to seek to overcome the presumption is not present on this record.
 
 
 8
 Of course, the rebutting evidence may appear in the plaintiff's case itself.[9] On the record before us the only such circumstance is the fact that the accident occurred at night well beyond ordinary business hours. The driver, however, was not an ordinary business employee. He was a Coast Guardsman in the service of the United States. The Coast Guard is "a military service and a branch of the armed forces of the United States." 14 U.S.C. § 1. We need not here assemble the characteristic elements of such service. To the extent they are relevant these details will be presented to the District Court on retrial. In their generality, however, they are enough to make it clear that the mere fact that the Coast Guardsman was driving the Government's truck at 10:00 or 10:30 P.M. cannot alone eliminate the presumption that he was acting in the line of duty at the time.
 
 
 9
 Moreover, the presumption which arises in the present case is born of mingled elements of logic, experience and policy. The law raises the presumption in automobile accident cases such as this, in part at least because common experience has demonstrated the probability that a defendant's business vehicle which is driven by its employee is being operated at the time within the course and scope of his employment. Public policy contributes to this result in these cases which Mr. Justice Brandeis more than thirty-five years ago described as dealing with "the menacing problem of practical responsibility for motor accidents" and the "inadequacy [of the] * * * doctrine [of principal and agent] to cope with [it] * * *." Young v. Masci, 289 U.S. 253, 259, 53 S.Ct. 599, 77 L.Ed. 1158 (1953).[10]
 
 
 10
 The proof, therefore, of the Government's ownership of the vehicle and the relationship of the driver as its agent raised a presumption, based upon the logical inference which could be drawn from these facts that Riley was acting in the line of duty at the time. Since the presumption which arose in this case is derived from facts which have probative value as evidence that Riley was acting in the line of duty, the presumption has continuing existence and the burden of establishing the non-existence of the presumed fact is on the Government. This is expressly established by 5 V.I.Code § 812, based on Rule 14 of the Uniform Rules of Evidence, which prescribes that "(a) if the facts from which the presumption is derived have any probative value as evidence of the existence of the presumed fact, the presumption continues to exist and the burden of establishing the non-existence of the presumed fact is upon the party against whom the presumption operates."
 
 
 11
 Section 812 also makes it clear that in the Virgin Islands it is now unnecessary to plunge into the sometimes bewildering jungle of contradictory views on the effect of a defendant's rebutting evidence upon the continued existence of a presumption.[11] It will not be necessary on retrial to determine whether evidence which the Government may offer in an attack upon the presumption can dissolve it, if the evidence is "substantial" or "clear, positive and undisputed", or comes from disinterested rather than interested witnesses, or is uncontradicted.[12] Section 812(a) makes it clear that a presumption such as the one which arose here continues to exist. This is reinforced by the provision in § 812(b) dealing with presumptions which arise from facts which do not have probative value as evidence of the presumed fact. In such a case the statute provides that the presumption disappears as if it had never existed, if evidence is introduced which is sufficient to support a finding of the non-existence of the presumed fact.[13] All this makes it abundantly clear that in the present case the presumption will continue to have existence even in the face of any evidence which the Government may produce contradicting the factual elements from which the presumption arose.
 
 
 12
 It is clear, therefore, that when plaintiff rested her case she had adequately met the requirement of establishing prima facie that Riley was acting in the line of duty, by the presumption which arose from her proof of the Government's ownership of the vehicle and Riley's general agency.
 
 
 13
 The judgment of the District Court will be reversed and the cause remanded for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 See Bissell v. McElligott, 369 F.2d 115, 117-118 (8 Cir. 1966), cert. denied, 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1967); Cobb v. Kumm, 367 F.2d 132, 134 (7 Cir. 1966)
 
 
 [2]
 28 U.S.C. § 1346(b); Small v. United States, 333 F.2d 702, 704 (3 Cir. 1964)
 
 
 [3]
 1 V.I.C. § 4 provides: "The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary."
 
 
 [4]
 McCormick, Evidence, § 308, p. 639 (1954)
 
 
 [5]
 American Law Institute, Model Code of Evidence, Chap. VIII, pp. 306-318, Rules 701-4 (1942)
 
 
 [6]
 See Revision Note to 5 V. I. Code Preceding § 771, at 1A V.I. Code Annot., pp. 180-183
 
 
 [7]
 Breeding v. Massey, 378 F.2d 171, 174 (8 Cir. 1967) (Arkansas law); E. L. Cheeney Co. v. Gates, 346 F.2d 197, 200-204 (5 Cir. 1965) (Texas law); Louisville & Nashville RR Co. v. Byrd, 298 F.2d 586, 591 (5 Cir. 1962) (Alabama law); Mandelbaum v. United States, 251 F.2d 748 (2 Cir. 1958) (New York law); Porto v. Peden, 233 F.Supp. 178 (W.D. Pa.1964) (Pennsylvania law); Rakowsky v. United States, 201 F.Supp. 74 (W.D. Ill.1961) (Illinois law); Baker v. United States, 159 F.Supp. 925 (D.D.C.1958) (Virginia law); IX Wigmore, § 2510(a), pp. 399 et seq.; 8 Am.Jur.2d § 912 p. 460
 
 
 [8]
 See McCormick, Evidence, § 309, pp. 642-643 (1954); Annots., 96 A.L.R. 641, 74 A.L.R. 962, 42 A.L.R. 915
 
 
 [9]
 E. g., Mandelbaum v. United States, 251 F.2d 748 (2 Cir. 1958). See also Annot., 5 A.L.R.2d 196, 207
 
 
 [10]
 See McCormick, Evidence, § 309, p. 643 (1954); IX Wigmore, Evidence § 2510a (3rd ed. 1940)
 
 
 [11]
 The question of the effect of a presumption has spawned much discussion. See e. g., Morgan, Basic Problems of Evidence, 33-34 (2d ed. 1957); McCormick, Evidence, §§ 308-311, pp. 639-652 (1954); Roberts, Introduction to the Study of Presumptions, 4 Villanova L.Rev. 1 (1958); Levin, Pennsylvania and the Uniform Rules of Evidence; Presumptions and Dead Man's Statutes, 103 U.Pa.L.Rev. 1, 10-29 (1954); Morgan, Some Observations Concerning a Model Code of Evidence, 89 U.Pa.L.Rev. 145, 162-163 (1940)
 
 
 [12]
 See e. g., Breeding v. Massey, 378 F.2d 171, 176 (8 Cir. 1967); E. L. Cheeney Co. v. Gates, 346 F.2d 197, 200-204 (5 Cir. 1965); Mandelbaum v. United States, 251 F.2d 748 (2 Cir. 1958); Kas v. Gilkerson, 199 F.2d 398 (D.C. Cir. 1952)
 
 
 [13]
 Subsection (b) provides: "[I]f the facts from which the presumption arises have no probative value as evidence of the presumed fact, the presumption does not exist when evidence is introduced which would support a finding of the non-existence of the presumed fact, and the fact which would otherwise be presumed shall be determined from the evidence exactly as if no presumption was or had ever been involved."