**McCANN STEEL COMPANY, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 73–1598.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1973.

Decided Jan. 8, 1974.

Charles Hampton White, Cornelius, Collins, Higgins & White, Nashville, Tenn., for petitioner.

Robert F. Dashiell, N.L.R.B., for respondent; Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Vivian A. Miller, Atty., N.L.R.B., Washington, D. C., on brief.

Before WEICK, and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

We consider a petition for review and a cross-application for enforcement of a supplemental order of the National Labor Relations Board.

On May 12, 1972, we ordered enforcement of a Decision and Order of the Board reported at 190 N.L.R.B. No. 2, finding, *inter alia,* that the Company violated Section 8(a)(1) of the Act by discharging J. C. Hindsley, a draftsman, because he refused to perform work normally done by other employees who were engaged in an unfair labor practice strike.

■ The supplemental order involved in this petition is reported at 203 N.L.R.B. No. 115. In it, the Board found the Company to be indebted to J. C. Hindsley in the amount of $4,967, with interest, less tax withholdings, for backpay. The Company contended that Hindsley willfully incurred a loss of earnings by failing to work the full number of hours he could have for his interim employer and by taking a leave of absence from that employer. The Board correctly imposed the burden of proof upon the Company to show the amount by which the gross backpay should be diminished because of the claimed willful loss of earnings, and found that it had failed to meet its burden of showing that Hindsley's interim employer had work available that Hindsley declined to perform.

■ From the record, viewed as a whole, it is unclear whether the Board considered the fact that Hindsley's fellow draftsmen worked overtime during several pay periods when he failed to work the basic 40 hours, and whether any credit against the gross backpay was allowed for self-employment when the same activity would be compensated if performed for another employer.

In view of our uncertainty, our proper course is to deny enforcement of the Board's order pending remand to the Board for clarification. *See* NLRB v. Austin Powder Company, 350 F.2d 973 (6th Cir. 1965).

Enforcement denied pending clarification for which purpose the case is remanded.