ARMSTRONG FORD, INC., Appellant/Defendant
and
FORD MOTOR COMPANY, Appellant/Third-Party Defendant

v.

FELIXIA CAMPBELL, Appellee/Plaintiff

## Civil No. 77/65
## District Court of the Virgin Islands

Div. of St. Croix

## September 12, 1977

VINCENT A. GAMAL, ESQ., Christiansted, St. Croix, *for appellant, Armstrong Ford, Inc.*

WILLIAM W. BAILEY, ESQ. (BAILEY, WOOD and ROSEN-BERG), Charlotte Amalie, St. Thomas, V.I., *for appellant, Ford Motor Company*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for appellee, Felixia Campbell*

YOUNG, *District Judge*

### MEMORANDUM OPINION WITH ORDER ATTACHED

This case is before this Court on appeal from the judg-

ment of the Territorial Court holding Armstrong Ford, Inc. ("Armstrong") and Ford Motor Company ("Ford") jointly and severally liable for the full purchase price of an automobile sold by Armstrong to Felixia Campbell. Armstrong appeals this judgment on the grounds that Campbell did not meet her burden of proof and that the decision of the trial court was clearly erroneous in light of the evidence before it. Ford has also filed an appeal urging this Court to reverse the finding of joint and several liability on its part to Campbell. For the reasons stated below, this appeal is affirmed in part and vacated and remanded in part.

## I. CASE HISTORY

Campbell sued Armstrong in the Territorial Court for breach of warranty and rescission of a sales contract wherein she bought a new Ford Econoline Club Wagon for her son's taxi business in July, 1975. She alleged inter alia that Armstrong failed to fulfill its warranty obligation in that the vehicle was unfit for the purpose for which it was intended. Armstrong answered with a general denial of Campbell's claim and also filed a third-party complaint against the manufacturer of the automobile, Ford, alleging that the damages complained of were the proper concern of Ford. Ford answered and moved to be dismissed since it was not a party to the contract Campbell sought to rescind. The motion was denied, leaving Ford as a third-party defendant although Campbell never amended her complaint to join Ford as a defendant in the original cause of action.

At the trial, Campbell introduced the sales contract showing the purchase price for the automobile to be $7,098.00. In addition, the testimony showed that the car was returned within two days after its purchase due to mechanical problems. Armstrong attempted to repair the

339

car, but it was again returned to Armstrong within several days due to similar mechanical difficulties. This pattern repeated itself for the next two months with the car being returned to Armstrong for repairs on ten different occasions. Each time Campbell was not satisfied with the repairs and in early October, 1975, Campbell returned the car to Armstrong with a demand that the contract be rescinded.[1]

That there were mechanical problems with the car is clearly supported by the trial testimony. Not only did Campbell's son, Peter Burnett, who used the car as a taxi, testify to the numerous trips he made to Armstrong to have the car repaired, but he also testified that at least on one occasion several passengers refused to ride any further once the mechanical problems became apparent. In addition, the defendant's own evidence shows that its mechanics knew of the problem and were unable to correct it prior to the return of the car to Armstrong in October, 1975. This fact is further corroborated by the five repair bills submitted by the defendant which show that numerous parts were replaced within the first sixty days after the purchase of the car. The evidence also shows that in addition to mechanical problems, the car had other defects concerning the upholstery, the lights, the side molding and the shock absorbers.

Upon hearing all of the evidence, the trial judge found that because of the difficulties with the car experienced by Campbell, the car was unfit for the purpose for which it was intended. Judgment was entered on September 17,

---

[1] In his findings of fact, the trial judge stated that the car was returned on November 9, 1975. However, all of the testimony adduced at trial indicates that the car was returned on October 9, 1975. This inconsistency appears to be a mere oversight on the part of the trial judge and has no effect on this appeal.

1976 for Campbell in the amount of $7,089.00[2] along with attorney's fees in the sum of $1,200.00 against Armstrong. An appeal was promptly noted.

Throughout the trial the third-party defendant, Ford, was represented by counsel who actively participated in the trial. However, the trial judge did not enter any order concerning Ford at the time judgment was rendered against Armstrong. Subsequently, Armstrong filed a motion to extend judgment against Ford. Although Ford vigorously opposed the motion on several grounds, the trial judge entered an order on January 20, 1977, holding Ford jointly and severally liable to the original plaintiff, Campbell. Ford immediately noted its appeal.

## II. ARMSTRONG'S CASE

■■ Armstrong's first contention is that the plaintiff failed to meet her burden of proof. The law is quite clear that in a civil case the plaintiff must establish her case by a preponderance of the evidence and that this burden is always upon her even though the burden of persuasion may shift to the other party. This rule of law is so firmly established that no citations are needed. Once the trier of fact has decided after reviewing all of the evidence that the plaintiff has met this burden, that judgment will not be disturbed on appeal unless that finding is clearly erroneous. Lawton v. Philbrook, 10 V.I. 492 (D. V.I. 1974); Maduro v. Ford Motor Co., 10 V.I. 401 (D. V.I. 1974). Using this standard, I must reject Armstrong's contention that Campbell failed to meet her burden of proof. Upon reviewing the record, I cannot find that the decision of the trial court was clearly erroneous in light of the substantial testimony supporting that finding. The

---

[2] Although the original purchase price was $7,098.00, judgment was entered for $7,089.00. While the $10.00 discrepancy is not explained in the trial court's opinion, the appellee has offered no objection to the amount contained in the trial court's order.

numerous repair attempts as well as the testimony of the plaintiff's son and the defendant's mechanics as to the mechanical problems with the car support the decision of the trial court.

■ At first glance Armstrong's second ground of appeal appears to be repetitive since it challenges the finding of the Territorial Court as being clearly erroneous in light of the testimony and evidence before it. Upon closer review it appears that Armstrong's basic contention is that in order to rescind a contract one need show a *substantial* failure of consideration. I find several problems with this argument.

First of all, the trial court did not base its decision upon rescission of the contract but upon breach of an implied warranty of fitness for a particular purpose. Upon finding a breach of such a warranty, the appropriate remedy as provided in 11A V.I.C. § 2—714(2) is the difference "between the value of the goods accepted and the value they would have had if they had been as warranted". Obviously the trial court felt that the car, when it was returned on October 9, had virtually no value as a taxi and hence Campbell was entitled to the amount of the purchase price paid by her.

This finding is supported by the evidence particularly since the car was to be specifically used as a taxi and in fact, it was totally useless for this purpose. Thus, I must agree with the trial court that the amount of damages should be equivalent to the full purchase price.

■ I should also note that I would reach the same result even if the award of damages is construed to be a rescission of the sales contract due to the fact that the plaintiff was awarded an amount equal to the price of the car. Rescission of the contract, or revocation of acceptance as it is referred to under 11A V.I.C. § 2—608, is per-

missible whenever there is a defect which substantially impairs the value of the item purchased and this defect is not seasonably cured after the seller is notified of the defect. It is a factual question as to whether these conditions have been met and in light of the evidence before the trial judge, I could certainly not find his decision to rescind the contract based on the facts before him to be "clearly erroneous". Thus, Armstrong's contentions must be rejected and the judgment against it affirmed.

## III. FORD'S CASE

Although Ford has raised two issues on appeal, they are basically identical in that Ford claims there is no legal or factual basis to find it jointly and severally liable to Campbell. I agree.

■ First of all, from a procedural point of view it is impossible to hold Ford liable to Campbell since Campbell never joined Ford as a defendant in the suit. While Ford may ultimately be liable to Armstrong under some theory of indemnification, it was error for the trial court to hold Ford jointly and severally liable to Campbell since Campbell never asserted any claim against the third-party defendant as provided by the rules of civil procedure. F.R.C.P. 14(a) and 5 V.I.C. App. I, R. 14(a).

■ While it was error to hold Ford liable to Campbell, Ford cannot be dismissed from this suit since it was properly joined as a third-party defendant by Armstrong. However, there is not sufficient evidence in the record to determine whether in fact Armstrong is entitled to indemnification from Ford. Thus, I remand this question to the trial court to hear evidence as to whether the manufacturer of the car in question should be liable to the dealer under some theory of indemnification, whether by agreement or by some legal theory advanced by Armstrong.

Since Ford was joined as a third-party defendant, the burden is on Armstrong to show that it should be reimbursed for the judgment which Campbell obtained against it.

## IV. CONCLUSION

In summary, I affirm the judgment of the Territorial Court as to Armstrong's liability to Campbell since the appeal merely raises a factual question and I do not find the judgment of the trial court to be clearly erroneous. As to Ford, I vacate the order of the trial court entering judgment holding Ford liable to Campbell. I remand any question of Ford's liability to Armstrong to the Territorial Court so that evidence may be heard to determine what, if any, liability may exist on Ford's part.

### ORDER

In accordance with the Memorandum Opinion of even date, it is hereby ORDERED

(1) That the judgment of the Territorial Court against Armstrong Ford, Inc. be and the same is hereby AFFIRMED; and

(2) The judgment of the Territorial Court against Ford Motor Company be and the same is hereby VACATED and REMANDED with instructions to adduce further evidence consistent with the directions contained in the Memorandum Opinion.