**THE VILLAGE, VIRGIN ISLANDS PARTNERS IN RECOVERY,
Petitioner,
vs.
THE GOVERNMENT OF THE VIRGIN ISLANDS and LOTHROP
RICHARDS, Respondents**

**THE VILLAGE, VIRGIN ISLANDS PARTNERS IN RECOVERY,
Petitioner,
vs.
THE GOVERNMENT OF THE VIRGIN ISLANDS and CELESTE
FAHIE, Respondents**

Civil Nos. 317/1995, 318/1995

Territorial Court of the Virgin Islands

Div. of St. Croix

September 11, 1998

Francis J. D'Eramo, Esq., (Nichols, Newman, Silverlight, Logan & D'Eramo, PC), Christiansted, St. Croix, U.S.V.I., *for Petitioner*

Michael A. Joseph, Esq., (Law Offices of Michael Joseph), Christiansted, St. Croix, U.S.V.I., *for Respondents*

CABRET, *Judge*

## MEMORANDUM OPINION

These wrongful discharge cases are before the Court on Motion of Petitioner employer for Writ of Review, seeking reversal of two decisions by the Virgin Islands Department of Labor. In each case, the agency placed the burden of proof on the employer, pursuant to Virgin Islands Rules and Regulations Title 24, Section 77-59, and concluded that the employee had been wrongfully discharged. The issue which this Court must address is whether the Department of Labor's regulation incorrectly allocates the burden of proof in wrongful discharge actions.

## FACTS AND PROCEDURAL HISTORY

Petitioner, The Village, Virgin Islands Partners in Recovery (hereafter referred to as the "Village" or the "Petitioner"), is a nonprofit corporation which provides a comprehensive substance abuse prevention and treatment program in the United States Virgin Islands. Respondents, Celeste Fahie and Lothrop Richards (hereafter referred to as "Fahie" and "Richards," respectively, or collectively as "Respondents"), were formerly employed by the

110

Village as prevention specialists. On June 25, 1993,[1] Respondents attended a work-related meeting on St. Thomas. While on St. Thomas, Respondents were notified that they were to attend an impromptu staff meeting at 4:00 p.m. that day on St. Croix. Fahie did not attend that meeting, because she was unable to get a reservation to St. Croix; Richards did not attend because he had already worked a 40-hour week and had made prior plans. When Respondents reported to work on Monday, June 28, 1993, they were both terminated. Another employee also did not attend the meeting because of prior plans but was not fired. The stated reason for Respondents' termination was their failure to attend the June 25 meeting on St. Croix. However, Respondents allege this reason was a pretext. They claim their termination actually stemmed from Petitioner's discontent with statements they made during the meeting on St. Thomas on the morning of June 25, 1993. Thus, Respondents filed a complaint with the Virgin Islands Department of Labor on July 12, 1993, alleging they were terminated in violation of the Wrongful Discharge Act, Virgin Islands Code Annotated, Title 24, Section 76 et. seq.

On April 12, 1995, the Department of Labor ruled that Respondents had been wrongfully discharged. In reaching its ruling, the Department of Labor noted that Petitioner had failed to meet its burden of proving, by a preponderance of the evidence, that each Respondent's termination was lawful. Thus, the agency ordered Fahie and Richards reinstated with full restitution in the amount of $ 29,523.00 and $ 28,057.00, respectively. Respondents petitioned this Court for enforcement of the agency's orders. However, Petitioner opposes enforcement of the restitution orders, citing ambiguity. A decision on the request for enforcement was deferred pending a decision on the issue now before us.

## STANDARD OF REVIEW

■■ In reviewing a decision of an administrative agency, the Court is limited to review of the agency's findings to ascertain

---

[1] The Hearing Officer mistakenly referred to the year 1994 instead of 1993 in her Memoranda and Opinions in each case. The complaint and the record of the proceedings in each case indicate the year 1993 as the correct date of the alleged wrongful discharge. Therefore, this Opinion refers to the correct year.

whether they are based on substantial evidence. *E.g., Arkansas v. Oklahoma*, 503 U.S. 91, 113, 117 L. Ed. 2d 239, 112 S. Ct. 1046 (1992)(citation omitted). The findings of fact of the Commissioner of Labor shall be conclusive if supported by substantial evidence on the record considered as a whole. V.I. CODE ANN. tit. 24, § 78 (1997). Courts give great deference to the construction of a statute by an agency charged with its administration. *E.g., Securities and Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 203, 91 L. Ed. 1995, 67 S. Ct. 1575 (1947). However, the court's authority to review the agency's interpretations of law is plenary. *Penn Allegheny Coal Co. v. Williams*, 114 F.3d 22, 25 (3d Cir. 1997) (citation omitted).

## DISCUSSION

The Village contends that the Department of Labor's regulation erroneously places on the employer the burden of proving that a discharge was not in violation of the Wrongful Discharge Act. The regulation, V.I. R. & REGS. tit. 24, § 77-59 (1991), states:

> The Respondent [in the original action] bears the burden of persuading the hearing officer, or the Commissioner should the Commissioner preside at the hearing, by a preponderance of the evidence, that the discharge was lawful.

The allocation of the burden of proof in a wrongful discharge hearing is one of first impression in the Virgin Islands. Neither the Petitioner nor the Respondents cited any mandatory authority on point. Likewise, this Court's research revealed no cases on the issue. Therefore, in the absence of precedent, we will determine the issue before us through an analysis of the common law approach to burden of proof, an examination of how this common law approach is affected by the law regarding presumptions in this jurisdiction, and analogous case law.

### General Administrative Principles

As a threshold matter, we must look at the accepted allocation of burden of proof in administrative proceedings. It is a fundamental principle of administrative proceedings that the burden of proof is

generally on the party asserting the affirmative of an issue. *See* Charles McCormick, *Mc Cormick's Handbook of the Law of Evidence* § 355 (Edward W. Cleary ed., 2d ed. 1972); 73A C.J.S. *Public Administrative Law and Procedure* § 128 (1983); 2 Charles H. Koch, Jr., *Administrative Law and Practice*, § 5.51 (2d ed. 1997). This burden remains with the party on whom it is cast throughout the proceedings and ordinarily does not shift to the responding party. 1 Joseph M. Mc Laughlin, et al., *Weinstein's Federal Evidence* § 301.02 (2d ed. 1997).

While courts generally give deference to administrative agencies' construction of the regulations or statutes they are charged with administering, such construction must be reasonable and must not offend existing legal principles. *See e.g., Chevron U.S.A., Inc. v. National Resources Defense Council,* 467 U.S. 837, 844, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984). Here, the Village contends that Virgin Islands Rules and Regulations Title 24, Section 77-59 offends existing legal principles by incorrectly shifting the burden of proof from the employee to the employer in wrongful discharge actions tried before the Department of Labor. This burden shifting, the Village argues, is contrary to common law precedent in that the burden of proof in the Virgin Islands is always placed upon the plaintiff in civil cases, *Armstrong Ford v. Campbell,* 14 V.I. 337, 341 (D.V.I. 1977), and this doctrine has been applied to employment cases, *Virgin Islands Union v. Caribe Constr. Co.,* 343 F.2d 364, 367 (3d Cir. 1965); *Commissioner of Labor v. B. Blazek d/b/a Uptown Shoe Store,* 307 F. Supp. 668, 672, 7 V.I. 622, 630 (D.V.I. 1969).

In support of its argument, the Village cites Virgin Islands Code Annotated, Title 3, Section 912,[2] which requires an administrative agency to conform to its statutory grant of authority and be consistent with existing law. The Village also notes that the Virgin Islands Wrongful Discharge Act, Virgin Islands Code Annotated, Title 24, Section 76, does not itself impose or allocate a burden of

---

[2] 2 V.I. CODE ANN. tit. 3, § 912 (1997) provides:

Except as provided in section 934 of this title, nothing in this chapter confers authority upon or augments the authority of any agency to adopt, administer or enforce any regulation. Each regulation adopted, to be effective, must be within the scope of authority conferred and in accordance with standards prescribed by other provisions of law.

proof on the employer. Consequently, the Village reasons that Virgin Islands Rules and Regulations Title 24, Section 77-59 controverts the well-settled burden of proof standard, is contrary to the Virgin Islands Wrongful Discharge Act and should therefore be ruled invalid pursuant to Virgin Islands Code Annotated, Title 3, Section 912.

## Existing Law

Imposing the burden of proof on the defendant employer at the administrative level does not offend existing law. Wrongful discharge claims derive from the Virgin Islands Wrongful Discharge Act, Virgin Islands Code Annotated, Title 24, Section 76.[3] Although the Virgin Islands Wrongful Discharge Act does not itself allocate the burden of proof, it does impose a presumption which benefits wrongful discharge claimants. *See Hess Oil Virgin Islands Corp. v. Richardson,* 894 F. Supp. 211, 216, 32 V.I. 336, 344 (D.V.I. 1995). This statutory presumption, and its effect on the burden of proof in wrongful discharge actions, is crucial to our determination of the issue at hand. In the Virgin Islands, the definition of a presumption is codified as follows: "A presumption is an assumption of fact resulting from a rule of law which requires such fact to be assumed from another fact or group of facts found or otherwise established

---

[3] The Wrongful Discharge Act provides:

Unless modified by contract, an employer may dismiss any employee:
1) who engages in a business which conflicts with his duties to his employer or renders him a rival of his employer;
2) whose insolent or offensive conduct toward a customer of the employer injures the employer's business;
3) whose use of intoxicants or controlled substances interferes with the proper discharge of his duties;
4) who willfully and intentionally disobeys reasonable and lawful rules, orders and instructions of the employer; provided, however, the employer shall not bar an employee from patronizing the employer's business after the employee's working hours are completed;
5) who performs his work assignments in a negligent manner;
6) whose continuous absences from his place of employment affect the interests of his employer;
7) who is incompetent or inefficient, thereby impairing his usefulness to his employer;
8) who is dishonest; or
9) whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him. . . .

V.I. CODE ANN. tit. 24, § 76 (1997).

114

in the action." V.I. CODE ANN. tit. 5, § 811 (1997). Undoubtedly, "presumptions are inextricably intertwined with burden of proof. In fact, a presumption can properly be defined as a vehicle for distributing burden of proof among the parties." Anton H. Gaede, Jr., *Presumptions — The Uniform Rules in the Federal Courts,* 1964 Duke L.J. 867, 873 (1964). Because of this inextricable intertwining, we must "walk with caution" and "pick our way" lest we "stumble and fall" in the often obscure and confusing thicket of presumptions.[4]

Wrongful discharge hearings are governed by the rules of evidence applicable in the Territorial Court of the Virgin Islands. V.I. R. & REGS. tit. 24, § 77-62 (A) (1991).[5] This Court therefore applies the Federal Rules of Evidence pursuant to Territorial Court Rule 7.[6] Thus, for guidance on this issue we turn to Federal Rules of Evidence 301 and 302, which address presumptions.

Federal Rule of Evidence 301 clearly indicates that a presumption does not shift the burden of proof to the responding party and that the burden of proof remains on the party on whom it was originally cast.[7] However, where a presumption is a matter of substantive law, we must look to Federal Rule of Evidence 302, which provides that state (territorial) law controls the effect of a presumption where any issue or claim has its source in state

---

[4] *See id.* (citing Thayer, *A Preliminary Treatise on Evidence at the Common Law,* 352 (1898)).

[5] 5 V.I. R. & REGS. tit. 24, § 77-62(A) (1991) provides in pertinent part that:

> "Hearings before the Commissioner or his designee, or hearing officers, insofar as practicable, shall be governed by the rules of evidence applicable in the courts of the United States Virgin Islands."

[6] Terr. Ct. R. 7 provides:

> The practice and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

[7] FED. R. EVID. 301 provides:

> In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

(territorial) law.[8] *See Williams v. Rene*, 33 V.I. 297, 72 F.3d 1096, 1100 (3d Cir. 1995).

■ Because wrongful discharge claims are based upon the Virgin Islands Wrongful Discharge Act, it is Federal Rule of Evidence 302, not 301, which applies. Federal Rule of Evidence 302 clearly calls for the application of territorial law regarding the effect of a presumption. "Where state (territorial) law applies under Rule 302, the state (territorial ) law governs not only the existence of the presumption, but also the effect of the presumption." 1 Stephen A. Saltzburg, et al., *Federal Rules of Evidence Manual* 177 (7th ed. 1998). Like the definition of a presumption, the effect of a presumption is also a substantive statute in this jurisdiction:

> Subject to section 814 of this title, and except for presumptions which are conclusive or irrefutable under the rules of law from which they arise, (a) if the facts from which the presumption is derived have any probative value as evidence of the existence of the presumed fact, the presumption continues to exist and the burden of establishing the nonexistence of the presumed fact is upon the party against whom the presumption operates . . . .

V.I. CODE ANN. tit. 5, § 812(a) (1997).

The above-stated statute is derived, *verbatim*, from Uniform Rule of Evidence 14, adopted in the Virgin Islands with minor changes to conform with local conditions.[9] *Pacheco v. United States*, 409 F.2d 1234, 1237 (3d Cir. 1969)(citation omitted). Under the above statute, once a presumption is raised by facts which tend to prove the issue, the burden of proof shifts to the party opposing the presumption. *See* Spencer A. Gard, *Jones on Evidence* § 3:8 (1972) (analyzing Rule 14 of the Uniform Rules of Evidence). "Both the

---

[8] FED. R. EVID. 302 provides:

"In civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which state law supplies the rule of decision is determined in accordance with state law."

[9] The Virgin Islands is one of only three jurisdictions that have adopted almost verbatim the Uniform Rules of Evidence. The other two jurisdictions are Kansas and the Panama Canal Zone. Anton H. Gaede, Jr., *Presumptions — The Uniform Rules in the Federal Courts*, 1964 Duke L.J. 867, 868 n.7 (1964).

burden of coming forward with evidence and the burden of proof shifts to the party opposing the presumption." *McMurray v. Crawford*, 3 Kan. App. 2d 329, 594 P.2d 1109, 1114 (Kan. App. 1979).[10]

### V.I. Rules & Regulations Title. 24, Section 77-59 is Consistent with Existing Law

We must now apply the above-stated statutory provisions and guiding principles to the issue at hand. A careful examination of Section 77-59 of the Rules and Regulations of the Department of Labor shows that although it places the burden of proof upon the employer, it does so only *after* the discharged employee has established a prima facie case by way of a verified complaint[11] and by testimonial evidence at the preliminary hearing.[12]

In order to establish a prima facie case of wrongful discharge, the discharged employee must show (1) the existence of a contract; (2) its performance until the time of discharge; (3) the employer's breach of a contractual obligation; and (4) the resulting damage to the employee. 82 Am. Jur. 2d, *Wrongful Discharge* § 233 (1992) (citation omitted). In the ordinary case, it is the complaining employee's burden to establish these four critical components of fact leading to the employer's liability. However, in wrongful discharge actions before the Department of Labor the discharged employee needs show only elements (1), (2), and (4) above. Once the discharged employee has borne the initial burden of establishing these elements, what remains to complete his prima facie case is a showing that the employer breached the employment contract — namely, the wrongful discharge. This evidence is provided by the wrongful discharge presumption embodied in the Virgin Islands Wrongful Discharge Act. *Cf. Pacheco v. United States*, 409 F.2d 1234, 1237 (3d Cir. 1969). When the discharged employee

---

[10] In *McMurray*, the Appellate Court analyzed Kansas' statute governing the existence and effect of a presumption which is derived from Uniform Rules of Evidence 14 and is identical to the language of Virgin Islands Code Annotated Title 5, Section 812 and affirmed the trial court's decision that proof of a notary's certificate of acknowledgment on a mortgage note creates a presumption that the mortgagor executed a mortgage to the mortgagee.

[11] V.I. R. & REGS. tit. 24, § 77-21(1991).

[12] 12 V.I. R. & REGS. tit. 24, § 77-25(1991).

triggers the statutory presumption of wrongful discharge, Virgin Islands Code Annotated, Title 5, Section 812(a) mandates that the burden of proof shift to the employer, who must then prove the non-existence of the presumed fact, or in other words, prove a lawful reason for the discharge. *Cf. id.* at 1238.

It is important to note that if the sworn facts set forth in the discharged employee's complaint are insufficient to set forth a meritorious case, the Commissioner of Labor must dismiss the complaint.[13] In effect, at this stage, the Commissioner determines whether a prima facie case of wrongful discharge exists. It is equally important to note that the Commissioner must investigate the facts supporting wrongful discharge complaints,[14] and that thereafter, a preliminary hearing is held, at which point the parties are required to state their positions on the legality of the discharge under the Wrongful Discharge Act.[15] After these initial statements, the hearing is adjourned, and the Commissioner again determines whether the case has merit. *Id.* If the Commissioner finds merit to the case, it proceeds to the final hearing. It is therefore evident that at the preliminary hearing stage, the Commissioner determines for a second time whether a prima facie case of wrongful discharge exists.

It is only at the final hearing, after the discharged employee has borne his initial burden of establishing a prima facie case of wrongful discharge and raised the wrongful discharge statutory presumption, that the Department of Labor requires the employer to bear the burden of proving a legally permissible discharge. In reality, it appears that all Virgin Islands Rules and Regulations Title 24, Section 77-59 requires is that the employer bear the burden of his affirmative defenses. Given this procedural context, it cannot be stated that Virgin Islands Rules and Regulations Title 24, Section 77-59 conflicts with existing law or is unreasonable.

■ As demonstrated above, the Virgin Islands statute of presumptions, Virgin Islands Code Annotated, Title 5, Section 812(a) requires a shifting of the burden of proof once the wrongful

---

[13] V.I. R. & Regs. tit. 24, § 77-21(A)(1991).

[14] V.I. R. & Regs. tit. 24, § 77-24 (1991).

[15] V.I. R. & Regs. tit. 24, § 77-25 (1991).

discharge presumption has been raised by the discharged employee. *See Pacheco v. United States*, 409 F.2d 1234 (3d Cir. 1969); *accord Williams v. Rene*, 32 V.I. 216, 886 F. Supp. 1214 (D.V.I. 1995), *rev'd on other grounds*, 33 V.I. 297, 72 F.3d 1096 (3d Cir. 1995). Virgin Islands Rules and Regulations Title 24, Section 77-59 is therefore consistent with the Virgin Islands Wrongful Discharge Act, follows the mandate of Virgin Islands Code Annotated, Title 5, Section 812(a), and consequently conforms to Virgin Islands Code Annotated, Title 3, Section 912.

Further support for the Department of Labor's regulation shifting the burden of proof to the defendant employer is found in analogous case law. The Third Circuit has held that proof of a defendant's ownership of a vehicle and of its operation at the time of the accident by an agent of the defendant creates a presumption that the driver was acting within the scope of employment. *Pacheco v. United States*, 409 F.2d 1234, 1237 (3d Cir. 1969). In its analysis, the court in *Pacheco* also examined the effect of the statutory presumption in Virgin Islands Code Annotated, Title 5, Section 812(a) on the common law presumption of respondeat superior. The court stated that once the respondeat superior presumption was raised, it was then incumbent upon the party opposing the presumption to prove its nonexistence. *Pacheco*, at 1238. The court reasoned:

> [T]he presumption has continuing existence and the burden of establishing the nonexistence of the presumed fact is on the [defendant]. This is expressly established by 5 V.I. Code § 812 based on Rule 14 of the Uniform Rules of Evidence, which prescribes that "(a) if the facts from which the presumption is derived have any probative value as evidence of the existence of the presumed fact, the presumption continues to exist and the burden of establishing the non-existence of the presumed fact is upon the party against whom the presumption operates."

*Id.*

■ Similarly, in an action also involving the doctrine of respondeat superior, the District Court of the Virgin Islands held that the defendant properly bears the burden of establishing the nonexistence of the presumed fact once a plaintiff establishes a prima facie

119

case. *See Williams v. Rene,* 32 V.I. 216, 886 F. Supp. 1214 (D.V.I. 1995), *rev'd on other grounds,* 33 V.I. 297, 72 F.3d 1096 (3d Cir. 1995)(a personal injury action against an employee and an employer to recover for injuries sustained in a motor vehicle accident that occurred while the employee was driving his employer's vehicle). Thus, the Commissioner's allocation of the burden of proof upon the employer after the employee has established a prima facie case is reasonable and entitled to deference.

## Ambiguous Award

Respondents have also requested this Court to enforce their back pay awards.[16] The Village opposes enforcement, contending that the Hearing Officer's orders are ambiguous on their face. This Court agrees.

■ Celeste Fahie testified that subsequent to her discharge by the Village, she performed contractual work for the Department of Human Services, but that she had not been paid prior to the final hearing. The order is not clear whether her award of $29,523.00 includes monies for contractual work earned before the hearing but not received by the date of the hearing. Also, with regard to Lothrop Richards, the order is unclear whether his award of $28,057.00 is a gross amount or is the entire amount reduced by unemployment or other income earned. In sum, both cases require clarification whether the back pay awards include or exclude interim earnings and unemployment compensation. It is a general proposition that a reviewing court should not enforce an ambiguous order. *See McCann Steel Co. v. National Labor Relations Bd.,* 489

---

[16] V.I. R. & Regs. tit. 24, § 77-1(B) (1991) provides:

Back pay means the amount of wages, salary and/or other compensation Complainant would have earned from the date of discharge until the sooner of the date of compliance with an order of reinstatement or date of commencement of comparable employment at or above the rate of pay of the position from which Complainant was wrongfully discharged with interest at the rate of seven per cent per annum accruing from the date of discharge. Interim earnings including unemployment insurance payments or amounts earnable with reasonable diligence by the Complainant shall operate to reduce the back pay otherwise allowable; provided, however, if a stay or continuance in the proceedings is granted at the request of the Complainant over the objection of the Respondent the period of any such stay or continuance shall be excluded from any award of back pay.

F.2d 1328 (6th Cir. 1974) (citation omitted); *accord, Colonial Penn Ins. Co. v. Omaha Indemnity Co.*, 943 F.2d 327, 334 (3d Cir. 1991). Consequently, Respondents' request for enforcement of the awards must be denied until the orders of back pay are clarified.

### Substantial Evidence Exists to Support Agency Decision

■ Petitioner claims that the Hearing Officer did not find that Respondents' termination was impermissible or unlawful under the Wrongful Discharge Act. Petitioner's claim lacks merit and must fail. The Hearing Officer, in her Memorandum Opinion in each case, makes specific reference to Virgin Islands Code Annotated, Title 24, Section 76(4) which permits employment termination for wilfully disobeying "reasonable and lawful rules, orders and instructions of the employer." (Hr'g Officer Mem. Op. at 4). The Hearing Officer then goes on to state that she found insufficient evidence to support Petitioner's decision to terminate Respondents' employment for failure to attend a single staff meeting. *Id.* The rational inference to draw from the Hearing Officer's conclusions is that Respondents' termination did not fall within the purview of "reasonable and lawful rules, orders and instructions of the employer." In other words, implicit within the Hearing Officer's findings is that the reason for Respondents' termination was pretextual. Therefore, substantial evidence exists in the record to support her findings. As the District Court has noted, "If the record sufficiently informs the appellate court of the basis of decision of the material issues, then it is appropriate for it to determine the merits of the appeal without remanding for more specific findings." *Ross v. Bricker*, 26 V.I. 314, 319, 770 F. Supp. 1038 (D.V.I. 1991) (citing *Galiber v. Bryan*, 1990 U.S. Dist. LEXIS 20092, Civ. No. 89-334 (D.V.I. Oct. 9, 1990)). Thus, the Hearing Officer's findings of wrongful discharge must be affirmed.

### CONCLUSION

For the reasons set forth above, this Court concludes that Virgin Islands Rules and Regulations Title 24, Section 77-59, permissibly places upon the employer the burden of proving that a discharge was not in violation of the Virgin Islands Wrongful Discharge Act. This assignment of the burden of proof is consistent with Federal

Rules of Evidence 302, Virgin Islands Code Annotated, Title 5, Section 812(a), with existing case law, and with the Virgin Islands Wrongful Discharge Act itself. Furthermore, there is sufficient evidence in the record of the wrongful discharge proceedings to support the Department of Labor's decision that Respondents' terminations were unlawful. However, a remand is necessary with respect to the back pay awards, since it is unclear whether they include or exclude interim earnings.