**CARL GORDON JONES, in his individual capacity and as sole proprietor of Swiss Watch Trading Company, Plaintiff**

**v.**

**L.S. HOLDINGS, INC., d/b/a "Little Switzerland" in its corporate capacity and as Respondeat Superior for its employees; LAURENCE FLOQUETT-SCOTT, in her individual capacity and as an employee of "Little Switzerland;" ROBIN L. JONES, in her individual capacity and as an employee of "Little Switzerland;" VICTOR JONES, in his individual capacity and the husband of Robin L. Jones as well as a federal law enforcement agent; JAMES (JIM) WOODWARD, in his individual capacity and as an employee/manager of "Little Switzerland;" WAYNE PATTERSON, in his individual capacity and as an employee/manager of "Little Switzerland;" JAYE LUSSIER in her individual capacity and as an employer/manager of "Little Switzerland;" EMPLOYERS/MANAGERS JOHN AND JANE DOES of "Little Switzerland" in their individual capacities and employee capacities as it may appear, Defendants**

Civil No. ST-06-CV-145

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

February 25, 2010

48

GEORGE MARSHALL MILLER, ESQ., St. Thomas, USVI, *Attorney for Plaintiff*.

W. MARK WILCZYNSKI, ESQ., Law Office of W. Mark Wilczynski, P.C., St. Thomas, USVI, *Attorney for Defendants*.

CARROLL, *Judge*

## MEMORANDUM OPINION

(February 25, 2010)

**THIS MATTER** is before the Court upon the motions of Defendants L.S. Holdings, Inc., d/b/a "Little Switzerland," James Woodward, Wayne Patterson, and Jaye Lussier, for dismissal pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff Carl Gordon Jones ("Carl Jones") is represented in this matter by George Marshall Miller, Esq. All named and served Defendants are represented by W. Mark Wilczynski, Esq., of the Law Office of W. Mark Wilczynski, P.C.

Defendants have moved to dismiss, alleging that Carl Jones's Complaint fails to state a cause of action against them.[1] FED. R. CIV. P. 12(b)(6). For the reasons stated below, the Court finds that the Complaint is deficient as to the movants and will grant their Motions to Dismiss.

## FACTS

The Court gleans the facts that form the basis of this action from the Complaint, only one page of which describes the events at the heart of this matter. Based on this pleading, it is difficult to ascertain what the facts are. The Court will recite the facts as they are stated in the Complaint to determine whether they state a cause of action.

Carl Jones had a "domestic and business relationship" with Defendant Laurence Floquett-Scott (Floquett-Scott), an "employee/manager" of

---

[1] The Motions are all entitled "Motion to Dismiss," but Defendants cite FED. R. CIV. P. 56 and LRCi 56.1 throughout the motions. Since Defendants did not provide statements of material facts as required by LRCi 56.1(a)(1), and as the motions are each entitled "Motion to Dismiss," the Court will treat them as FED. R. CIV. P. 12(b)(6) Motions to Dismiss and refer to them as such throughout this Order.

Defendant L.S. Holdings, Inc., d/b/a "Little Switzerland" (hereinafter "Little Switzerland"). (Compl. ¶ 4.) Carl Jones states that on September 30, 2005, he was arrested because of an alleged violation of a "Domestic Restraining Order." (Compl. ¶ 11.) He alleges that this arrest was caused in part by Floquett-Scott making a statement that Carl Jones "started calling [Little Switzerland]." (Compl. ¶ 12.) He alleges that the arrest was also caused by Defendant Victor Jones stating to the responding detective that Carl Jones had been in front of Little Switzerland, about "10 feet away" from Defendant Victor Jones, his wife, Defendant Robin Lawrence Jones, and Floquett-Scott, and that Carl Jones had given Victor Jones "the finger." (Compl. ¶ 13.) Carl Jones also alleges that Victor Jones reported to the police that he had asked Carl Jones to leave and Carl Jones had responded to the request by making "the signal of a gun." (Compl. ¶ 14.) As a result of the "false accusations," Carl Jones complains, he was arrested, spent some time in custody, and expended "no less than $5000.00 in Attorney [sic] fees." (Compl. ¶ 17.) According to Carl Jones, his business suffered because he was forced to check in with probation until the criminal matter against him was dismissed on January 6, 2006. (Compl. ¶ 18.)

In addition to the Defendants referred to in the immediately preceding paragraph, Carl Jones also sues James Woodward and Wayne Patterson, "employee[s]/manager[s]" of Little Switzerland. (Compl. ¶¶ 6, 7.) The claim against these men appears to be that they had "knowledge of the relationship between the Defendant Scott and the Plaintiff." (Compl. ¶¶ 6, 7.) Carl Jones also names as a Defendant, Jaye Lussier, but the only reference to him in the Complaint is that he is "an employee/manager" of Little Switzerland. (Compl. ¶ 8.) In addition, Carl Jones brings a cause of action against "John and Jane Does" who are "known but unnamed employees/managers of Little Switzerland." (Compl. ¶ 9.)

Carl Jones alleges that the "private citizen Defendants" engaged in the tort of "malicious prosecution," Compl. ¶ 16, presumably by making "false accusations," Compl. ¶ 15. He alleges that Little Switzerland failed to "exercise control over its employees in using the store's name, property and facilities in avoiding false claims." (Compl. ¶ 19.) Finally, he sues "Officer Victor Jones in his individual capacity as the husband of Robin Jones and as a Federal Law Enforcement Agent acting under color of law to conspire with and deprive the Plaintiff of his Civil Rights and personal

liberty by making knowingly false statements to local law enforcement officers." (Compl. 2.)

## DISCUSSION

### *Standard of Review*

The Supreme Court of the United States recently elaborated on the proper standard for reviewing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This Court's analysis of the Defendants' motions must start with a review of the holdings of these consequential cases.

In *Twombly*, the Supreme Court considered a complaint alleging antitrust activity by local phone carriers. The Court found that, aside from some conclusory allegations, the complaint failed to provide facts which would plausibly suggest that the defendants did indeed engage in a conspiracy, a necessary element of the claim asserted. *Twombly*, 550 U.S. at 566. Although the Court stated that it was not "apply[ing] any 'heightened' pleading standard," it did retire the "no set of facts" test that courts had employed as guidance for nearly half a century. *Id.* at 562-63 ("The [no set of facts] phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Instead of considering whether there were *any* facts that could support the plaintiffs' claim against the defendants, the Court considered whether the plaintiffs had pleaded sufficient facts to make the plaintiffs' claim *plausible*. *Id.* at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.' " (internal citations omitted)). The Court concluded by finding that, because the plaintiffs had not "nudged their claims across the line from conceivable to plausible," their complaint could not survive a Rule 12(b)(6) motion to dismiss. *Id.* at 570.

In 2009, the Court clarified that the *Twombly* ruling applied to motions to dismiss in all cases, and not simply in those in which there may be a risk of complex and highly expensive discovery, *Iqbal*, 129 S. Ct. 1937. The *Iqbal* plaintiff asserted that the Attorney General and the Director of the Federal Bureau of Investigation had designated him as a person of

"high interest" in the post-September 11, 2001 investigations solely because of his race, religion or national origin, and that, as a consequence of this designation, he was subjected to restrictive conditions of confinement. *Iqbal*, 129 S. Ct. at 1944. The Court noted that to succeed on a *Bivens* claim against the defendant, Iqbal would have had to state facts to show that the defendants acted not for a "neutral, investigative reason but for the purpose of discriminating on account of race, religion or national origin." *Id.* at 1948-49. Iqbal's complaint failed this test. The Court stated that the complaint did not show that the defendants housed the detainees in restrictive conditions because of an improper purpose. Instead, the complaint plausibly suggested only that the defendants sought to keep "suspected terrorists" securely detained until the investigations against them were completed. *Id.* at 1952.

■ As the Court stated, the Rule 8 pleading standard requires more than a "the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). In determining whether a complaint meets the *Twombly/Iqbal* standard, courts are to conduct a two-step analysis. First, the court is to distinguish between facts and legal conclusions. As the Supreme Court observed, unlike factual allegations, legal conclusions are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1950. After this step, the court should then consider the factual allegations, accord them the assumption of truth, and determine whether they are sufficient to "plausibly suggest" that the defendant is liable to the plaintiff for some wrongful conduct. *Id.* For a claim to be facially plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard does not require a showing of probability but does require more than "sheer possibility." *Id.*

■ After the *Twombly* decision, but before *Iqbal*, the Supreme Court of the Virgin Islands decided *Robles v. HOVENSA, LLC*, 49 V.I. 491 (V.I. June 12, 2008). In *Robles*, the Supreme Court stated the "reevaluated Rule 8" standard is one that requires "enough factual matter, taken as true, to suggest that" the defendant is liable to the plaintiff for some harm. *Robles*, 49 V.I. at 500. Following *Iqbal*, it is clear that a plaintiff must provide "enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Therefore, courts considering Rule 12(b)(6) motions to dismiss post-*Iqbal* must consider not whether they simply "suggest" that

the defendant is liable, *Robles*, 49 V.I. at 500, but whether they state a "claim for relief that is plausible on its face," *Iqbal*, 129 S. Ct. at 1949. *See also McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) ("*Iqbal* . . . enunciated the standard applicable to review of all complaints. Thus, 'to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' The Court emphasized that 'only a complaint that states a plausible claim for relief survives a motion to dismiss.' " (internal citations omitted)).

Four of the seven named Defendants in this case move for dismissal for failure to state a claim. FED. R. CIV. P. 12(b)(6). Because the Court finds that the Plaintiff has not pleaded sufficient facts to that plausibly suggest these Defendants are liable to the Plaintiff for some harm, the Court will grant their motions and will dismiss the claims against them.

### A. Little Switzerland

In its operative paragraphs, Plaintiff's Complaint references Little Switzerland as a party only twice.[2] First, in paragraph three (which would, in most complaints, be part of a section entitled "Parties"), Plaintiff states that "Defendant, [sic] L.S. Holdings Inc. [sic] d/b/a 'Little Switzerland' is the employer and supervisor under the theory of Respondent Superior, [sic] of all other named Defendant employees . . . with the exception of Victor Jones." (Compl. ¶ 3.) Second, in paragraph nineteen Plaintiff states "[t]hat as a direct and proximate result of the failure of the management of 'Little Switzerland' to exercise control over its employees in using the store's name, property and facilities in avoiding false claims, the Plaintiff suffered emotional distress and general damages to his person and his competitive business." (Compl. ¶ 19.)

The Court will first separate the legal conclusions from allegations of fact. *Iqbal*, 129 S. Ct. at 1950 (applying the "two-pronged approach" first described in *Twombly*). The suggestion in paragraph three that Little Switzerland is liable under the theory of respondeat superior is a legal conclusion and, therefore, is not accorded an assumption of truth. *Id.* Next, the Court will consider whether the factual allegations are sufficient

---

[2] The Complaint notes in several other paragraphs that some of the other Defendants are employed by Little Switzerland.

to plausibly suggest the Defendant is liable to the Plaintiff. The Court will assume it is true that Little Switzerland is the employer and supervisor of all named Defendant employees except Victor Jones. However, even assuming that Little Switzerland employees made false claims, and that they did so "using the store's name, property and facilities," the theory of respondeat superior is not plausibly suggested by the facts alleged in the Complaint.

█ In order to succeed on a theory of respondeat superior, a plaintiff must produce facts that would plausibly suggest that the employee was acting within the scope of employment when s/he committed the tortuous conduct. *Williams v. Rene*, 72 F.3d 1096, 33 V.I. 297, 301 (3d Cir. 1995). An employee is acting with the scope of employment when "performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." RESTATEMENT (THIRD) OF AGENCY § 7.07(1) (2006).

█ In this case, Plaintiff has simply failed to plead any facts that would plausibly suggest that the employees were performing work assigned by Little Switzerland, or engaging in conduct subject to Little Switzerland's control, when they made the alleged false claims. It is not enough that there is a mere possibility this was the case. The claim against Little Switzerland must be dismissed because Plaintiff has failed to "nudge" his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Consequently, the Court will also strike those parts of the caption that refer to the remaining Defendants in their capacity as employees/managers of Little Switzerland.

### B. James Woodward and Wayne Patterson

█ The Complaint must also be dismissed as to Defendants James Woodward and Wayne Patterson. The Plaintiff has failed in his Complaint to clearly identify *any* claim against these individuals. These men are described as "employees/managers" of Little Switzerland, who had "knowledge of the relationship between Defendant Scott and the Plaintiff." (Compl. ¶¶ 6, 7.) Assuming this is true, a defendant's possession of knowledge in and of itself does hot entitle a plaintiff to relief under any tort theory. The Complaint also generally references "malicious prosecution" by all "private citizen Defendants," but this is a

mere legal conclusion and is afforded no assumption of truth. *Iqbal*, 129 S. Ct. at 1950. Therefore, the Complaint utterly fails to state any facts plausibly suggesting that these two Defendants are liable to the Plaintiff for any harm alleged.

### C. Jaye Lussier & John and Jane Does

■ The allegations against Defendants Jaye Lussier and John and Jane Does are, if possible, even more barren. In the paragraphs addressing James Woodward and Wayne Patterson, the Defendant at least alleges some knowledge of a relationship. (Compl. ¶¶ 6, 7.) The only reference in the Complaint to Jaye Lussier and John and Jane Does are that they are "employees/managers" of Little Switzerland. Assuming this is true, it does not come close to stating any facts that would entitle Plaintiff to relief against Lussier or John and Jane Does. There is also the general reference in the Complaint to "malicious prosecution" caused by "private citizen Defendants," Compl. ¶ 16, but again, this is a legal conclusion afforded no assumption of truth at this stage. Therefore, the Complaint must be dismissed against Lussier and all John and Jane Does for failure to state a claim entitling Plaintiff to relief.

## CONCLUSION

In his brief Complaint, Plaintiff fails to allege sufficient facts to plausibly suggest the movants are liable to him for any harm suffered. This conclusion is unavoidable considering the Supreme Court's interpretation of the pleading standard under FED. R. CIV. P. 8 in *Twombly* and *Iqbal*.[3] Therefore, the Court will dismiss the Complaint as to the movants.

Accordingly, it is hereby

**ORDERED** that this matter is hereby **DISMISSED without prejudice** as to Defendants L.S. Holdings, Inc., d/b/a "Little Switzerland," James Woodward, Wayne Patterson, Jaye Lussier, and John and Jane Does, in accordance with this Court's Memorandum Opinion of even date; and it is further

---

[3]     Although the Court need not consider the Complaint under the pre-*Twontory* and -*Iqbal* standards, it is probable the Complaint would have failed to survive a motion to dismiss even before these decisions were issued.

**ORDERED** that all references to Defendants Laurence Floquett-Scott, Robin L. Jones, and Victor Jones in the Complaint indicating that they are sued in their capacity as employees/managers of Little Switzerland are **STRICKEN**; and it is further

**ORDERED** that copies of this Order shall be directed to the parties' counsel of record.