**AGAPITO CINTRON, URIEL BRISTOL, and ALEJANDRO BRISTOL, Plaintiffs**

**v.**

**MAURICE POLSTON and WYATT, INC., Defendants**

Case No. SX-08-CV-177

Superior Court of the Virgin Islands

Division of St. Croix

February 6, 2015

144

BRADY, *Judge*

## MEMORANDUM OPINION AND ORDER

(February 6, 2015)

THIS MATTER is before the Court on Defendant Wyatt, Inc.'s ("Wyatt") Motion to Dismiss Complaint Pursuant to F.R.C.P. 12(b)(6) with Incorporated Memorandum of Law ("Motion"), filed June 20, 2008; Plaintiffs' Opposition, filed June 26, 2008; and Defendant's Reply, filed July 1, 2008. For the reasons that follow, Defendant's Motion is granted and Plaintiff's Amended Complaint is dismissed as to Defendant Wyatt.[1]

Plaintiffs filed their original Complaint April 1, 2008, and filed an Amended Complaint May 8, 2008, before either Defendant responded. Plaintiffs' action arises from a motor vehicle accident which they allege occurred near El Sol Bar in St. Croix on or about March 8, 2008, wherein Defendant Maurice Polston negligently failed "to stay as far left as practical . . . to keep a proper lookout . . . to warn, and . . . to yield the right of way." Amended Complaint, ¶ 9.

Plaintiffs allege that "at the time of the incident, Maurice Polston was employed by Wyatt, Inc., driving a rental car provided by Wyatt, Inc., and acting in the course and scope of his employment with Wyatt, Inc." Amended Complaint, ¶ 14. Plaintiffs claim that "Wyatt, Inc. is liable under the theory of *respondeat superior* for the negligent acts of its employee, Maurice Polston, committed in the course and scope of employment with Wyatt, Inc." *Id.* at ¶ 15.

Defendant Wyatt argues that "whether someone was acting in the 'course and scope' of their employment is a question of law that is assessed in light of the facts of a case" and is a legal conclusion lacking ". . . factual averment." Motion, at 4. Wyatt acknowledges that the Amended Complaint contains certain factual allegations, e.g. that

---

[1] On September 5, 2014, Wyatt filed its Motion (with Memorandum) to Stay Discovery Pending Resolution of the Motion to Dismiss. Plaintiffs filed their Opposition to Defendant Wyatt, Inc.'s Motion to Stay Discovery on October 24, 2014, and Wyatt filed its Reply November 7, 2014. In light of the ruling on Wyatt's Motion to Dismiss, Wyatt's Motion to Stay Discovery is denied as moot.

"Polston was a Wyatt employee at the time of the accident, and . . . Polston was driving a rental car provided by Wyatt at the time of the accident." *Id.* at 5. However, Plaintiffs' ". . . allegation that one was acting in the 'course and scope' of his employment is a legal, not factual, allegation." *Id.*

In their June 26, 2008 Opposition, Plaintiffs ask in the alternative "that the Court not rule on the motion until the completion of discovery," noting that "the complaint can be amended." Yet, the Motion has been pending almost seven years and Plaintiffs have engaged in minimal, if any, discovery and have not sought leave to amend their Amended Complaint to address factual deficiencies to give plausibility to their "course and scope of employment" and *respondeat superior* allegations.[2]

■ Wyatt's Motion is premised upon Federal Rule of Civil Procedure 12(b)(6), applicable pursuant to Superior Court Rule 7. A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Supreme Court has established a heightened pleading standard for all civil complaints:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

---

[2] While not relevant to the determination of the Motion, it is curious that Plaintiffs sought and obtained entry of default against Defendant Maurice Polston on December 1, 2009 notwithstanding their claim that Wyatt "provided transportation and car insurance for Mr. Polston, while he was employed by Wyatt, Inc. on St. Croix" (Opposition to Motion to Stay Discovery, at 1), and Defendant Polston's claim that his employer "had insurance on the vehicle." Opposition, Exhibit A. This Order dismisses Plaintiffs' claims against Wyatt, but their claims against Defendant Polston will proceed and the presence or absence of insurance coverage on the rental vehicle Wyatt procured for its employee has obvious practical and legal relevance to the defense and possible payment of Plaintiffs' claims.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted).

 The Supreme Court of the Virgin Islands has articulated a three-prong analysis in reviewing motions to dismiss filed pursuant to FED. R. CIV. P. 12(b)(6):

> First, the court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked factual assertions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. If there are sufficient remaining facts that the court can draw a reasonable inference that the defendant is liable based on the elements noted in the first step, then the claim is plausible.

*Joseph v. Bureau of Corrections*, 54 V.I. 645, 649-650 (V.I. 2011) (internal quotations and citations omitted).

 Addressing the first prong of the required analysis, "[e]stablishing a claim of negligence requires the plaintiff to demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the defendant's negligence caused the plaintiff's injury." *Brady v. Cintron*, 55 V.I. 802, 823 (V.I. 2011). Under the theory of *respondeat superior*, an employer is liable for the actionable negligence of its employee if the employee is acting in the course and scope of his employment. To determine whether an employee acted in the course and scope of his employment, courts determine whether ". . . the employee's tort encompasses the type of action the employee was hired to perform . . ." *Walker v. V.I. Waste Mgmt. Auth.*, 62 V.I. 53 (V.I. Super. 2014)[3] and whether the act "occurs substantially within the authorized

---

[3] The Court conducted a *"Banks* analysis" in the referenced case and adopted RESTATEMENT (SECOND) OF AGENCY § 219 as the common law for the Virgin Islands regarding the theory of *respondeat superior*.

time and space limits." *Williams v. Rene*, 72 F.3d 1096, 1100, 33 V.I. 297 (3d Cir. 1995) (citing RESTATEMENT (SECOND) AGENCY § 228(1)(a)-(b)).

Having taken note of the elements Plaintiffs must sufficiently plead to state a claim against Wyatt, the Court next identifies those allegations of the Amended Complaint that constitute either legal conclusions couched as factual allegations or naked factual assertions devoid of further factual enhancement, which are not entitled to the assumption of truth.

■ Here, Plaintiffs have sufficiently pled the facts that Polston was a Wyatt employee at the time of the incident, and that Polston was driving a rental car provided by Wyatt at the time of the accident. However, the allegations of the Amended Complaint that Polston was ". . . acting in the course and scope of his employment with Wyatt, Inc." (Amended Complaint, ¶ 14), and that "Wyatt, Inc. is liable under the theory of *respondeat superior* for the negligent acts of its employee, Maurice Polston, committed in the course and scope of employment with Wyatt, Inc." (*Id.* at ¶ 15) are legal conclusions devoid of sufficient factual enhancement to survive Wyatt's Motion.

In *Jones v. L.S. Holdings, Inc.*, 53 V.I. 48 (V.I. Super. Ct. 2010), the trial court granted a defendant's Rule 12(b)(6) motion to dismiss the plaintiff's complaint, noting that "[t]he suggestion in paragraph three that Little Switzerland is liable under the theory of respondeat superior is a legal conclusion and, therefore, is not accorded an assumption of truth." *Id.* at 54. "Plaintiff has simply failed to plead any facts that would plausibly suggest that the employees were performing work assigned by Little Switzerland, or engaging in conduct subject to Little Switzerland's control, when they made the alleged false claims. It is not enough that there is a mere possibility this was the case. The claim against Little Switzerland must be dismissed because Plaintiff has failed to 'nudge' his claim 'across the line from conceivable to plausible.' " *Id.* at 55 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570).

■ Plaintiffs' claim that at the time of the incident Defendant Polston was acting in the course and scope of employment is a legal conclusion couched as a factual allegation devoid of further factual enhancement. Plaintiffs have not pled any facts to demonstrate that the alleged negligent driving of Poulston "encompasses the type of action the employee was hired to perform . . ." *Walker v. V.I. Waste Mgmt. Auth., supra*; or that the act "occur[red] substantially within the authorized time and space limits,"

149

*Williams v. Rene*, 72 F.3d at 1100; or that the "employee[ ] [was] performing work assigned by [his employer], or engaging in conduct subject to [his employer's] control." *Jones v. L.S. Holdings, Inc.*, 53 V.I. at 55.[4] Plaintiffs' allegations, "because they are no more than conclusions, are not entitled to the assumption of truth." *Joseph v. Bureau of Corrections*, 54 V.I. at 650.

The Court assumes the veracity of the well-pled factual allegations that at the time of the accident Polston was an employee of Wyatt, driving a rental vehicle provided by Wyatt, and drove the vehicle negligently causing injury to Plaintiffs. Without more, these facts fail to "plausibly give rise to an entitlement of relief" against Wyatt. *Id.* "It is not enough that there is a mere possibility" that Poulson may have been acting as Wyatt's agent at the time and place of the accident. *Jones v. L.S. Holdings, Inc.*, 53 V.I. at 55. Without more sufficiently pled facts, Plaintiffs' claims against Wyatt must be dismissed as they have failed to "nudge" their claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

On the basis of the foregoing, it is hereby

ORDERED that Defendant Wyatt, Inc.'s Motion to Dismiss Complaint Pursuant to F.R.C.P. 12(b)(6) with Incorporated Memorandum of Law is GRANTED. It is further

ORDERED that Plaintiffs' Amended Complaint is DISMISSED WITH PREJUDICE as to Defendant Wyatt, Inc. It is further

ORDERED that Defendant Wyatt's Motion to Stay Discovery is DENIED as moot.

---

[4] Plaintiffs note that the Virgin Islands law provides that an employee is presumed to be acting in the course and scope of his employment when driving a vehicle owned by his employer. Opposition, at 2. "Proof of a defendant's ownership of a vehicle and of its operation at the time of the accident by an agent of the defendant creates a presumption that the driver was acting within the scope of employment." *Nicholas v. Damian-Rojas*, 62 V.I. 123, 131 (V.I. Super. Ct. 2015), adopting the rule in *Pacheco v. United States*, 409 F.2d 1234, 1237, 7 V.I. 213 (3d Cir. 1969). Here, Plaintiffs allege that Polston was "driving a rental car provided by Wyatt, Inc." Amended Complaint, ¶ 14. Neither existing law nor public policy considerations provide that a rental car provided as a benefit of temporary employment in the Virgin Islands is comparable to an employee's driving a vehicle owned by his employer such that the *Pacheco* presumption should apply.