# IN THE SUPERIOR COURT THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| MICHAEL CLARK | ) | |
| | ) | **CASE NO. ST-17-CV-00423** |
| Plaintiff, | ) | |
| | ) | **ACTION FOR WRONGFUL** |
| | ) | **DISCHARGE, BREACH OF** |
| | ) | **CONTRACT, AND DAMAGES** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THE VIRGIN ISLANDS HOUSING | ) | |
| AUTHORITY (VIHA) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**2021 VI Super 123**

## MEMORANDUM OPINION AND ORDER

¶1 **THIS MATTER** is before the Court on the following:

1. Defendant's Motion to Dismiss filed September 27, 2021;

2. Plaintiff's Opposition to Defendant's Motion to Dismiss filed on November 18, 2021; and

3. Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss filed on December 7, 2021.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

¶2 Plaintiff Michael Clark (hereinafter "Clark") was hired as a Maintenance Mechanic by Defendant Virgin Islands Housing Authority (hereinafter "VIHA"), a public housing corporation and instrumentality of the government of the Virgin Islands, on August 17, 2002.[1] In January 2005, Clark accepted a position of Maintenance Zone Foreman in VIHA's Maintenance department.[2] In 2006, VIHA reorganized its Maintenance department and Clark's title changed to AMP Maintenance Foreman.[3] Clark remained in this position until he was terminated on August 26,

---

[1] Pl.'s Compl. ¶¶ 3-4.
[2] Pl.'s Compl. ¶ 5.
[3] Pl.'s Compl. ¶ 6.

**2021 VI Super 123**

2016.[4] Prior to Clark's termination, VIHA allegedly put him on a "Performance Improvement Plan" (hereinafter "PIP") and gave him notice that he needed to comply with the PIP and show improvement.[5] Clark disagreed with this assessment of his job performance and refused to sign the PIP.[6] Clark was terminated via a letter dated August 26, 2016, that stated his work performance was unsatisfactory and his termination was effective at 5:00 p.m. that day.[7]

¶3     Clark appealed his termination to the Public Employee Relations Board (hereinafter "PERB") on September 7, 2016.[8] PERB dismissed Clark's claim as untimely on November 21, 2016.[9] Clark filed a Petition for a Writ of Review with this Court on December 15, 2016.[10] This Court upheld PERB's decision and dismissed Clark's writ of review with prejudice on May 5, 2017.[11]

¶4     Clark filed a Complaint for the present action on November 2, 2017, alleging wrongful discharge, breach of employment agreement, and breach of implied duty of good faith and fair dealing. Having received no response from VIHA, Clark subsequently applied for Entry of Default which the Court entered on February 22, 2018. Clark then filed a Motion to Schedule a Default Judgment Hearing on March 13, 2018. The Court granted Clark's Motion on August 29, 2018, and ordered Clark to submit a fully supported Motion for Summary Judgment. Clark submitted a Memorandum of Law in Support of Motion for Summary Judgment on November 27, 2018. The matter came before the Court for a Summary Judgment hearing on Thursday, November 29, 2018, where Clark presented evidence and argument. There was no participation at the hearing from VIHA. The Court granted Summary Judgment in favor of Clark and ordered Default Judgment entered in favor of Clark against VIHA on December 6, 2018.

---

[4] Pl.'s Compl. ¶ 7.
[5] Pl.'s Compl. ¶ 11.
[6] Pl.'s Compl. ¶ 12.
[7] Pl.'s Compl. ¶ 13.
[8] Def.'s Mem. Supp. Mot. Relief Default J. 2.
[9] Def.'s Mem. Supp. Mot. Relief Default J. 2.
[10] Def.'s Mem. Supp. Mot. Relief Default J. 2.
[11] Def.'s Mem. Supp. Mot. Relief Default J. 2. Ex. A.

**2021 VI Super 123**

¶5      On June 7, 2019, Attorney Carol A. Rich, Esq., filed a Notice of Appearance on behalf of VIHA. On July 26, 2019, VIHA filed a Motion for Relief from Default Summary Judgment. Clark filed an Opposition to Defendant's Motion for Relief from Default Judgment on August 16, 2019, arguing that service was properly effectuated on VIHA. VIHA filed a Reply to Plaintiff's Opposition to Defendant's Motion for Relief from Judgment on August 29, 2019. On September 27, 2021, VIHA filed a Motion to Dismiss and supporting Memorandum of Law. On November 5, 2021, the Court entered an Order requiring the Plaintiff to respond to the Motion to Dismiss by December 1, 2021. On November 15, 2021, the Court granted VIHA's Motion for Relief from Judgment. On November 18, 2021, Plaintiff filed his Opposition to VIHA's Motion to Dismiss and VIHA filed its Reply on December 7, 2021.

## II.    LEGAL STANDARD

### 1.   12(b)(6) Failure to State a Claim

¶6      Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure allows a party to move for dismissal of a complaint based on a "failure to state a claim upon which relief can be granted."[12] The motion to dismiss for failure to state a claim tests the sufficiency of the complaint and does not ask the court to address the merits.[13] The Virgin Islands is a notice pleading jurisdiction which means that a complaint is sufficient "so long as it adequately alleges facts that put an accused party on notice of claims brought against it."[14] In such jurisdictions, "the purpose of a notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[15] Since the purpose of a motion to dismiss at this stage is to test the sufficiency of a complaint and not the truth of the facts alleged, the plaintiff

---

[12] V.I. R. Civ. P. 12(b)(6); *see also Arellano v. Rich*, 70 V.I. 696, 709-10 (V.I. Super. Ct. 2019).

[13] *Oliver v. Terminex Int'l Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. 2020).

[14] *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017) (clarifying that the Virgin Islands has abolished the 3-part *Twombly* plausibility standard established by the United States Supreme Court); *see also* V.I.R. Civ. P. 8 (providing that a claim for relief must contain a "short and plain statement of the grounds for the court's jurisdiction" and a "demand for the relief sought").

[15] *Basic Services, Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 659 (V.I. 2019) (citing V.I.R. Civ. P. 8 and *Mills-Williams*, 67 V.I. at 585)).

**2021 VI Super 123**

"merely needs to provide a basic legal and factual basis for his claim to put a defendant on fair notice of the claims brought against him."[16]

## III. ANALYSIS

### A. The Court will grant VIHA's Motion to Dismiss because VIHA is a public employer and not subject to a claim under the Virgin Islands Wrongful Discharge Act.

¶7     Section 76 of title 24 of the Virgin Islands Code codifies the Virgin Islands Wrongful Discharge Act. The Wrongful Discharge Act (WDA) provides no remedy for claims against a public employer, such as the Virgin Islands Housing Authority.[17] A "public employer" is defined as:

> the executive branch of the Government of the Virgin Islands and any agency or instrumentality thereof including, but not limited to, the Virgin Islands Port Authority, the Virgin Islands Water and Power Authority, the **Virgin Islands Housing Authority**, the University of the Virgin Islands, the Economic Development Bank and the Virgin Islands Public Broadcasting System.[18]

As such, the Virgin Islands Housing Authority is expressly exempted from the provisions of the WDA. As confirmed by case law, Plaintiff may not maintain an action against the Defendant entities under the WDA.[19]

---

[16] *Bryan v. Wenhaven, Inc.*, No. ST-18-CV-375, 2020 V.I. LEXIS 87, at *4 (V.I. Super. Ct. Sept. 29, 2020) (stating that pleadings "must be fatally defective before they may be rejected as insufficient").

[17] *See Chapman v. Cornwall*, 58 V.I. 431, 443 (V.I. 2013) (citing *Frorup-Alie v. V.I. Hous. Fin. Auth.*, No. 2000-0086, 2003 U.S. Dist. LEXIS 25395, at *18 (D.V.I. Oct. 24, 2003) (declaring that public employers are exempt from 24 V.I.C. § 76).

[18] 24 V.I.C. § 362(i) (emphasis added).

[19] *See Smith v. V.I. Water & Power Auth.*, No. 04-148, 2008 U.S. Dist. LEXIS 95852, at *26 (D.V.I. Nov. 24, 2008) (holding that no common law action for wrongful discharge based on public policy existed where plaintiff was unable to state a claim under the Wrongful Discharge Act because her employer was a "public employer"); *see also Chapman*, 58 V.I. at 443 (finding that 29 V.I.C. § 496(a) defined the Virgin Islands Waste Management Authority as "an autonomous instrumentality of the Government of the Virgin Islands") (citing *Frorup-Alie*, 2003 U.S. Dist. LEXIS 25395, at *18); *see also Gardiner v. V.I. Hosp. & Health Facilities Corp.*, No. SX-14-CV-112, 2016 V.I. LEXIS 157, at *11-12 (V.I. Super. Ct. Oct. 4, 2016) (citing *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, No. SX-15-CV-509, 2016 V.I. LEXIS 88, *4 (V.I. Super. Ct. July 11, 2016)) (stating that plaintiff employee of the defendant hospital "may not be entitled to invoke the Wrongful Discharge Act").

**2021 VI Super 123**

### B. Plaintiff fails to establish a claim for breach of contract.

**¶8**     In Count II, Plaintiff asserts a claim for breach of contract. "To establish a breach of contract claim, [the plaintiff] must prove that a contract existed, that there was a duty created by that contract, that such duty was breached, and that he suffered damages as a result."[20]  A plaintiff must allege facts demonstrating each element to sufficiently state a claim for breach of contract.[21] In support of his claim, Plaintiff makes the following relevant allegations:

> 1. The Plaintiff and Defendant were parties to an employment relationship/agreement, the terms of which were placed in writing and included promises and performances required by each party.[22]
>
> 2. The Plaintiff performed his work duties in a satisfactory and above average manner for nearly fourteen (14) years.[23]
>
> 3. The Defendant breached the employment agreement between the parties by using the pretext of unsatisfactory job performance in order to terminate him from his employment without just cause.[24]
>
> 4. As a direct and proximate cause of this breach, the Plaintiff suffered damages and will continue to suffer damages in the future, as alleged above.[25]

**¶9**     Here, like in *Gardiner v. V.I. Hosp. & Health Facilities Corp.*, Plaintiff's Complaint does not refer to any specific documents that constitute an employment agreement. Plaintiff alleges in his Complaint that "Plaintiff and Defendant were parties to an employment relationship/agreement, the terms of which were placed in writing and included promises and

---

[20] *Chapman*, 58 V.I. at 437; *see also Philip v. Marsh-Monsanto*, 66 V.I. 612, 620-21 (V.I. 2017) (establishing these elements as the soundest standard for the Virgin Islands due to the consistency between case law in the Virgin Islands and other jurisdictions).

[21] *See Marsh-Monsanto*, 66 V.I. at 621 (requiring the plaintiff to demonstrate an agreement, a duty created by that agreement, a breach of that duty, and damages); *see also Commons v. St. John Day Spa & Salon*, No. ST-2015-CV-407, 2021 V.I. LEXIS 1, at *6-7 (V.I. Super. Ct. Jan 11, 2021).

[22] Pl.'s Compl. ¶ 20.

[23] Pl.'s Compl. ¶ 21.

[24] Pl.'s Compl. ¶ 22.

[25] Pl.'s Compl. ¶ 23.

**2021 VI Super 123**

performances required from each party."[26] Even less explicit than in *Gardiner*, the only terms of substance that Plaintiff alleges as an employment contract is "promises and performance required from each party."[27] Since Plaintiff has failed to plausibly allege the existence of an employment agreement that established a duty that Defendants allegedly breached, the Court need not analyze the other elements of a breach of contract.[28]

¶10     Drawing all inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to adequately state a breach of contract claim. Therefore, the Court will grant Defendant's Motion to Dismiss as to Count II.

### C. Plaintiff fails to establish a breach of implied covenant of good faith and fair dealing.

¶11     In Count III, Plaintiff asserts a claim for breach of the duty of good faith and fair dealing. The Supreme Court of the Virgin Islands has found that "every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement," and that such a duty arises by implication through the existence of a contract itself.[29] In addition, Virgin Islands courts have held that the covenant of "good faith and fair dealing applies to at-will contracts."[30] However, this duty only protects an employee's reasonable expectations stemming from the employment contract, such as payment earned from labor provided.[31] Continued employment and just cause termination are not reasonable expectations of at-will employment contracts.[32] To successfully state a claim for breach of the duty of good faith and fair dealing, the moving party must establish

---

[26] Pl.'s Compl. ¶ 20.

[27] Pl.'s Compl. ¶ 20.

[28] *See Cintron v. Polston*, 62 V.I. 144, 150 (V.I. 2015) (finding that the plaintiff's claims must be dismissed because they did not sufficiently plead enough facts to plausibly give rise to an entitlement of relief).

[29] *See Chapman v. Cornwall*, 58 V.I. 431, 441 (V.I. 2013) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981)); *see also Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 797 n.2 (V.I. 2015).

[30] *Hodge v. Daily News Publ. Co., Inc.*, 52 V.I. 186, 200 (V.I. Super. Ct. 2009) (citing *Petersen v. First Fed. Sav. & Loan Assoc. of Puerto Rico, Inc.*, 617 F. Supp. 1039, 1042 (D.V.I. 1985)).

[31] *See Canton v. V.I. Humanities Council*, No. ST-12-CV-279, 2017 V.I. LEXIS 116, at *24 (V.I. Super. Ct. July 26, 2017) (clarifying the scope of the implied duty of good faith and fair dealing that exists in at-will employment contracts).

[32] *Id.*

**2021 VI Super 123**

at least an implied contract.[33] Additionally, in an at-will employment context, "a successful claim … requires proof of acts amounting to fraud or deceit on the part of the employer."[34]

¶12     Plaintiff here asserts that "Defendant breached the implied covenant of good faith and fair dealing … by wrongfully terminating his employment, based on pre-textual reasons."[35] Plaintiff's allegations are conclusory and are not entitled to an assumption of truth. In addition, Plaintiff has not alleged any facts amounting to fraud or deceit on the part of Defendant elsewhere in the Complaint. Finally, the duty of good faith and fair dealing can only arise out of an existing contract, and the Court has determined that Plaintiff failed to allege the existence of a contract.[36] As a consequence, Plaintiff has failed to state a claim upon which relief can be granted.

## IV.     CONCLUSION

¶13     The Court finds that VIHA is a public employer under 24 V.I.C. §362(i), and as a result of his employment with VIHA, Plaintiff was therefore a public employee. Pursuant to the Wrongful Discharge Act, 24 V.I.C. § 76, a public employee is prohibited by statute from asserting a claim against a public employer. Title 24 provides public employees such as Plaintiff with an administrative remedy through the Public Employee Relations Board ("PERB"), and a judicial remedy through an appeal from the PERB's decision to the Virgin Islands Superior Court.[37] Plaintiff availed himself of both these remedies which were both adjudicated against Plaintiff in favor of VIHA.

¶14     The Court further finds that Plaintiff has failed to sufficiently establish that there was an employment agreement.

---

[33] *Edwards v. Marriott Hotel Mgmt. Co.(V.I.), Inc.*, No. ST-14-CV-222, 2015 V.I. LEXIS 13, at *11 (V.I. Super. Ct. Jan. 29, 2015).
[34] *Chapman*, 58 V.I. at 441.
[35] Pl.'s Compl. ¶ 26.
[36] *See Edwards*, 2015 V.I. LEXIS 13, at *11
[37] *See* 24 V.I.C. §§ 379, 380.

**2021 VI Super 123**

¶**15**     Accordingly, it is hereby

**ORDERED** that VIHA's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED**, and it is further

**ORDERED** a copy of this Order shall be directed to counsel of record.

Dated: December 23, 2021.                     _____

**Hon. Sigrid M. Tejo**
Superior Court of the Virgin Islands

ATTEST: **Tamara Charles**
Clerk of the Court ___/___/___

By:_____

**LATOYA CAMACHO**
Court Clerk Supervisor  01 / 05 /2022